# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LUKE HERBERT,                                    CASE NO.:

     Plaintiff,

vs.

KBP INSPIRED, LLC
a Foreign Limited Liability
Company,

     Defendant.

_____/

## COMPLAINT & DEMAND FOR A JURY TRIAL
## DECLARATORY RELIEF REQUESTED
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, LUKE HERBERT ("Mr. Moser" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, KBP INSPIRED, LLC ("KBP" or "Defendant"), a Foreign Limited Liability Company, and alleges as follows:

1.    Plaintiff brings this action for sexual orientation discrimination against Defendant in violation of Title VII and in violation of Florida's Civil Rights Act, ("FCRA"), at Chapter 760, Florida Statutes.  Plaintiff is seeking damages including back pay, front pay, punitive damages, compensatory damages, injunctive and declaratory relief, and his attorneys' fees and costs.

**PARTIES**

2.      Plaintiff is an adult individual who performed services for Defendant's company in Port Orange, Volusia County, Florida.

3.      At all times material hereto, Plaintiff wordked for Defendant in Port Orange, Volusia County, Florida.

4.      Plaintiff is protected by Title VII and the FCRA because:

  a.  He is a gay male who suffered discrimination and harassment based on his sexual orientation by Defendant, and

  b.  He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on his sexual orientation, including being unlawfully harassed and terminated because of sexual orientation, and being subjected to abuse and harassment.

5.      Defendant was at all material times an "employer" as defined by Title VII and the FCRA as it employed in excess of fifteen (15) employees.

6.      Defendant is a Foreign Limited Liability Company that operates and conducts business in Volusia County, Florida, and is therefore, within the jurisdiction of this Court.

**JURISDICTION AND VENUE**

2

7. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred in Volusia County, Florida

8. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Title VII claims.

9. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Volusia County, Florida.

10. The illegal conduct complained of, and the resultant injury, occurred within the judicial district in and for Volusia County, Florida.

11. Venue is proper because Defendant is located in Volusia County, Florida, and Plaintiff worked for Defendant in Volusia County, Florida, where the actions at issue took place.

**CONDITIONS PRECEDENT**

12. Pursuant to Title VII and the FCRA, Plaintiff timely dual-filed a Charge of Discrimination with the FCHR and the EEOC, on or about March 13, 2023, alleging discrimination based on sexual orientation against Defendant.

3

13. On or about May 5, 2024, the EEOC issued a Notice of Right to Sue, giving Plaintiff ninety (90) days to file suit upon his receipt of same.

14. More than one-hundred-and-eighty days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's claims ripe for filing.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

16. All conditions precedent to this action have been satisfied and/or waived.

**STATEMENT OF FACTS**

17. Mr. Herbert, who is a gay male, worked for KBP as a Crew Member at one of KBP's Arby's restaurant locations in Port Orange, Florida, from March 10, 2022, until his unlawful and discriminatory termination on July 17, 2022.

18. Throughout his employment with KBP, Mr. Herbert was subjected to vile and disgusting abuse, harassment, and discrimination based on sex, and based on sexual orientation.

19. KBP Shift Manager Chantel Hopper routinely referred to Mr. Herbert, including in his presence, as a "slow moving faggot."

20.    Ms. Hopper and her boyfriend, fellow KBP Shift Manager Mark Piper, took great pleasure and humor in ridiculing Mr. Herbert based on sex and sexual orientation, and even made fun of a disabled KBP employee.

21.    In April of 2022, Ms. Hopper and another KBP employee, Vanessa Nazario, laughed at Mr. Herbert, saying that he "sound[ed] so gay, taking orders" in the Arby's drive-thru.

22.    In April and May of 2022, KBP Shift Manager Gabriel Bassey, who is of Nigerian extract, told Mr. Herbert "no one from Nigeria acts girly like you."

23.    Mr. Bassey would also state ominously, "my father is Jesus, and a holy man," to intimidate and discomfit Mr. Herbert based on sex and based on sexual orientation.

24.    Mr. Herbert learned from a co-worker, Peter Baker, that Ms. Nazario was routinely maligning him to anybody who would listen as a "dumb ass" and a "transvestite."

25.    Shaun Nazario, another wayward KBP Shift Manager, derisively told Mr. Herbert in May of 2022, "you look like a Greek god; show me your muscles," adding, "you're not weak; you can scrub that floor."

5

26. Mr. Nazario referred to Mr. Herbert as a "cocktease" in a conversation with back line worker Steven Ehler-Seyer, and added, "look at Luke licking and catching drizzle."

27. Mr. Nazario also stated of a female customer that the woman in question was "stoned and ugly" but "ha[d] a big ass. That's all that matters when I fuck 'em from behind."

28. All of this dismayed, humiliated, and distressed Mr. Herbert, of course. But Mr. Nazario never let up.

29. On another occasion, Mr. Nazario derisively told Mr. Herbert, "stop sword fighting with Cameron, and get to work."

30. As Mr. Herbert washed tea urns, Mr. Nazario "helpfully" suggested, "like you're fucking from the back in the front after you eat ass and eat the pussy."

31. Needless to say, this failed to assist Mr. Herbert in his task, and further distressed and humiliated him.

32. On July 16, 2022, desperate to avoid a scheduled shift where the offensive and discriminatory Mr. Piper would be Shift Leader, Mr. Herbert requested of another KBP Shift Leader, Ann Marie England, a change of shifts.

33. At first, KBP indicated that Mr. Herbert's request for a re-scheduled shift would be accommodated.

34. However, Ms. England called Mr. Herbert back and told him to report for the previously-scheduled shift.

35. When Mr. Herbert did so, Mr. Piper claimed that Mr. Herbert was "thirty minutes late."

36. Mr. Piper told Mr. Herbert to "leave," and Mr. Herbert did so.

37. On Mr. Herbert's way out the door, he overheard Mr. Piper and Ms. Hopper stating, in relation to Mr. Herbert, "that faggot is always late."

38. The next day, July 17, 2022, KBP informed Mr. Herbert that KBP had elected to terminate his employment, effective immediately.

39. It is clear that KBP discriminated against Mr. Herbert based on sex and based on sexual orientation.

40. Any other "reason" theorized after the fact by KBP for its scandalous treatment and termination of Mr. Herbert is pure pretext.

41. Plaintiff's termination was for pretextual and discriminatory reasons.

42. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII and the FCRA.

7

43. At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties.

44. Defendant did not have a legitimate, non-discriminatory rationale for allowing and participating in the harassment and discrimination suffered by Plaintiff.

45. Defendant did not have a legitimate, non-discriminatory reason for Plaintiff's termination.

46. Title VII and the FCRA prohibit discrimination, abuse, and harassment based on sexual orientation in the workplace.

47. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, termination, because of his sexual orientation.

48. As a result of Defendant's unlawful and discriminatory treatment of Plaintiff and termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

49. Any reason provided by Defendant for its adverse employment action(s) against Plaintiff is a pretext and a cover-up for illegal discrimination.

50. Plaintiff's mistreatment and termination constitute adverse actions as defined by Title VII and the FCRA.

51. Plaintiff suffered an adverse action as a result of his sexual orientation.

52. Plaintiff has suffered damages as a result of Defendant's discrimination and termination of his employment.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation, and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEXUAL ORIENTATION DISCRIMINATION
## IN VIOLATION OF TITLE VII

54. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 53, above, as if fully set forth in this Count.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on sexual orientation under Title VII.

56. The discrimination to which Plaintiff was subjected was severe and pervasive and was based on sexual orientation.

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain

and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58.  The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

60.  Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT II
## SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

10

61.   Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 53, above, as if fully set forth in this Count.

62.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on sexual orientation under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

63.   The discrimination to which Plaintiff was subjected was severe and pervasive and was based on sexual orientation.

64.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

11

67.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 30th day of July, 2024.

Respectfully submitted,

By: */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorney for Plaintiff*

12